857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hilma SLONE, Plaintiff-Appellant,
v.
OHIO DEPARTMENT OF AGRICULTURE, Ohio Department of
Administrative Services, John M. Stackhouse, John
Richardson, Charles Guertal, Defendants-Appellees.
 No. 87-3652.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges and THOMAS G. HULL, Chief District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff-appellant, Hilma Slone, appeals the district court's judgment denying her claim of sex discrimination brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq. (1982). Because we conclude that the decision below is supported by ample evidence in the record, we affirm the district court's judgment.
 
 I.
 
 2
 Hilma Slone, who is a white female, was hired in November of 1971 by the defendant-appellee, Ohio Department of Agriculture ("ODA"). Slone was hired as a Chemist I, the lowest level chemist position in a classification system which ranked chemists in grades one through three. The official ODA job description for Chemist II positions lists no university degree requirement. Specific college courses and work experience are deemed sufficient qualifications for Chemist II positions. When she filed this lawsuit in 1979, Slone did not possess a university degree; however, she had earned 118 of the 128 semester hours necessary to obtain a Bachelor of Science degree in anatomy and physiology from the University of Kentucky. Her minor fields of study were chemistry and physical education.
 
 
 3
 Between the time she was hired in 1971 and the time she filed this lawsuit in 1979, Slone requested to be promoted to a Chemist II position on three separate occasions. All three requests were denied. In 1973, Slone sought to be promoted to a Chemist II position which ultimately was filled by Jean Mickel, a female. In 1976, she again requested to be promoted to a vacant Chemist II position. However, this vacancy was filled by Wilbur Highley, a male who held a Master of Science degree in chemistry. In 1977, Slone sought to be promoted to a Chemist II position which subsequently was filled by Dr. Richard Carter, a male who held a Ph.D. in plant pathology from Purdue University. Another male Chemist I, Timothy Sander, also was promoted to a Chemist II position in 1977 after ODA officials determined that he was promised the position filled by Highley. Sander, who was hired a few months prior to Slone, held a Bachelor of Science degree in chemistry.
 
 
 4
 In early 1977, Slone requested the Ohio Department of Administrative Services ("ODAS"), an agency separate and independent from ODA, to perform an audit of her position to determine whether it was correctly classified. Another female Chemist I, Alicia Topping, also requested ODAS to perform a job audit of her position. On July 29, 1977, ODAS auditors concluded that Slone's position should not be upgraded to a Chemist II level, but determined that Topping's position should be reclassified to a higher grade.
 
 
 5
 In November 1977, Slone filed six complaints with the Ohio Civil Service Commission in which she alleged that she was being discriminated against because of her sex. In February 1978, Slone filed similar charges with the Equal Employment Opportunity Commission ("EEOC"). In September of 1979, the EEOC dismissed the charges and notified Slone of her right to sue.
 
 
 6
 On August 1, 1979, Slone filed the instant lawsuit in the United States District Court for the Southern District of Ohio, Eastern Division. She named as defendants the Ohio Department of Agriculture, the Ohio Department of Administrative Services, and various officials in those agencies. Slone claimed violations of 42 U.S.C. Secs. 1983 and 1985 (1982), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq. On January 1, 1983, Judge Robert M. Duncan dismissed the section 1985 claims against all defendants, and dismissed the section 1983 claims against the state agencies. By stipulation, Slone dismissed with prejudice the remaining section 1983 claims, in addition to dismissing two of the individual defendants.
 
 
 7
 The Title VII claims against the remaining individual defendants were tried before Judge James L. Graham, sitting without a jury. In a memorandum opinion dated June 9, 1987, Judge Graham held: (1) that Slone had successfully alleged a continuously discriminatory promotional policy such that her claims were not barred by the 300 day filing limitation set forth in section 706(e) of Title VII, 42 U.S.C. Sec. 2000e-5(e); (2) that Slone had successfully set forth a prima facie case of sex discrimination under Title VII; (3) that the defendants had articulated legitimate non-discriminatory reasons for not promoting Slone; and (4) that Slone had failed to demonstrate that the defendants' proffered rationales were pretexts for discrimination. Central to Judge Graham's reasoning was his finding that:
 
 
 8
 Dr. Carter, Mr. Highley and Mr. Sander all had more formal education that [Slone] at the time of the alleged discrimination. While a degree is not a prerequisite for a Chemist II position, it is not unreasonable for an employer to chose [sic] the candidate with better formal training rather than the one with minimum requirements. Preferring candidates on the basis of education is a legitimate non-discriminatory reason for the purposes of Title VII.
 
 
 9
 J.App. at 25.
 
 
 10
 Because she believes that she carried her burden of proof on the pretext issue, Slone timely filed this appeal.
 
 II.
 
 11
 This court's review of the district court's judgment is limited to determining whether the lower court's factual findings are clearly erroneous. See Weems v. Ball Metal & Chemical Div., Inc., 753 F.2d 527, 529 (6th Cir.1985). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm impression that a mistake has been made. Anderson v. Bessemer City, 470 U.S. 564, 573 (1985).
 
 
 12
 The ultimate question for the district court in this disparate treatment case was whether the defendants intentionally discriminated against Slone because of her sex. See Kitchen v. Chippewa Valley Schools, 825 F.2d 1004, 1012 (6th Cir.1987). In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981), the Supreme Court set out a tripartite scheme of proof allocation to aid the factfinder in making this determination. According to this formula, the plaintiff must first establish a prima facie case of employment discrimination. Burdine, 450 U.S. at 252-53. Next, because establishing that prima facie case creates a rebuttable presumption of unlawful discrimination and shifts the burden of production to the defendants, the defendants must articulate a legitimate, non-discriminatory rationale for the challenged employment decision. Id. at 253. Finally, because the articulation of a legitimate non-discriminatory rationale shifts the burden of production back to the plaintiff, she then must show by a preponderance of the evidence that the proffered rationale is a pretext for discrimination. Id. Throughout this evidentiary process, the burden of persuasion remains with the plaintiff. Id.
 
 
 13
 In the case at bar, the district court held that the defendants' proffered explanations for not promoting Slone were legitimate and non-discriminatory, and that Slone failed to establish by a preponderance of the evidence that these explanations were pretextual. Upon reviewing the record in this case, we conclude that the district court's findings are supported by ample evidence to withstand review under the clearly erroneous standard. First, Slone offered no persuasive evidence to demonstrate that the defendants' stated reasons for not promoting her were false. The three men who were hired or promoted into Chemist II positions did in fact hold college or post-graduate science degrees while she did not. Nor did Slone offer any persuasive evidence indicating that her gender was the real reason for the defendants' failure to promote her. In fact, the record shows that two of Slone's female co-workers were awarded Chemist II positions during her tenure at ODA. Given these facts, the district court's finding that Slone failed to rebut the defendants' legitimate, non-discriminatory rationale for not promoting her is not clearly erroneous.
 
 III.
 
 14
 For the above-stated reasons, we hereby AFFIRM the judgment of the district court.
 
 
 
 *
 Honorable Thomas G. Hull, United States District Court for the Eastern District of Tennessee, sitting by designation